# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 11, 2011

Lyle W. Cayce
Clerk

No. 10-60313
Summary Calendar

AMECIA CHILDS, the Natural Lawful Wife, Widow, Spouse, Successor and/or Representative of Plaintiff Tony Childs, Deceased,

Plaintiff-Appellant,

v.

ENTERGY MISSISSIPPI, INCORPORATED,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi, Delta Division
USDC No. 2:08-CV-00077-WAP-SAA

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM[*]:

Plaintiff Amecia Childs appeals from the district court's order granting summary judgment for defendant Entergy Mississippi, Inc. in a case arising from an electrical accident involving Childs's husband, Tony Childs.[1]  Tony was injured while working for the masonry subcontractor on a construction site at an elementary school.  He fell eighteen feet off of scaffolding after sustaining an

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

[1] After Tony Childs's death, his wife, Amecia Childs, replaced Mr. Childs as plaintiff.

electrical shock from touching a high-voltage electrical wire. He brought claims of both negligence and negligence *per se* against Entergy, the electric utility that placed and operated the electrical wire. This appeal arises from the district court's summary judgment in favor of Entergy, which was itself based on the district court's order granting Entergy's motion to exclude the testimony of the plaintiff's sole expert, Billy Seward. We AFFIRM.

We review the district court's summary judgment *de novo*, applying the same legal standards used by the district court. *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010) (citation omitted). Summary judgment is proper if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although the court views all evidence in the light most favorable to the non-moving party, mere conclusory allegations cannot defeat summary judgment. *Moss*, 610 F.3d at 922 (citations omitted). No genuine issue of material fact exists when the non-moving party fails to establish the existence of an element essential to that party's case. *Nichols v. Enterasys Networks, Inc.*, 495 F.3d 185, 188 (5th Cir. 2008). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006). We review a district court's decision to exclude expert testimony for an abuse of discretion. *Nunez v. Allstate Ins. Co.*, 604 F.3d 840, 844 (5th Cir. 2010).

The district court granted summary judgment on the basis that, "[a]bsent [the expert's] testimony, plaintiff has no admissible evidence of the applicable standard of care or of Entergy Mississippi's breach thereof." As such, we address first, whether the district court's exclusion of Seward's testimony was proper,[2] and second, whether the district court properly granted summary judgment.

---

[2] Although Childs does not argue on appeal that the district court erred in excluding his expert, but rather that he did not need an expert witness at all, we address it nonetheless as the basis of the district court's summary judgment.

First, as the district court noted in its thorough order, Seward is not qualified to testify as an expert in high-voltage electrical systems, the pertinent factual issue in this case. He is an electrician whose experience is limited to low-voltage systems, and he admitted in his deposition that he has no knowledge of high-voltage systems. He likewise admitted that he is not familiar with the National Electrical Safety Code (NESC), the very statute that Childs advances as supporting a claim of negligence per se. The district court did not abuse its discretion in excluding Seward's testimony.

Second, given that exclusion, Childs failed to present sufficient evidence to preclude summary judgment. Entergy filed a motion for summary judgment arguing that Childs failed to present any evidence of the standard of care or Entergy's breach. In response, Childs filed a perfunctory, two-page opposition that completely failed to identify any genuine issue of material fact, despite the fact that the district court had granted Childs's motion for extension of time to file his response. Instead, Childs vaguely referred to Seward's deposition testimony, the defendant's responses to discovery requests, and "the pleadings and the deposition testimony." Conclusory allegations are far from sufficient to raise a genuine issue of material fact for trial. *See Adams*, 465 F.3d at 164. The district court properly granted summary judgment.

Now, on appeal, Childs argues that no expert testimony was required to establish her claims because the applicable standard of care is established by the NESC. Childs waived this argument by not presenting it to the district court. *See Keenan v. Tejeda*, 290 F.3d 252, 262 (5th Cir. 2002). Moreover, even if this argument had been made to the district court, the argument is meritless. Assuming for the sake of argument that Childs did not need an expert witness to establish the standard of care in a negligence *per se* case, she would still have to produce evidence raising a genuine issue of material fact as to whether Entergy failed to comply with the NESC; her response in opposition to summary judgment failed to do so. *See Adams*, 465 F.3d at 164.

No. 10-60313

Accordingly, the judgment of the district court is AFFIRMED.

No. 10-60313